UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CRESCENCIO GALVEZ, CARMEN ACUNA, and GUADALUPE GALVEZ, individually and on behalf of all others similarly situation,<br><br>Plaintiffs,<br><br>v.<br><br>TOUCH-TEL U.S.A., L.P. dba TOUCH-TEL USA, LLC,<br><br>Defendant. | Case No.: 2:08-CV-05642 RGK (JCx)<br><br>STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS<br><br>**CHANGES MADE BY COURT** |

In order to protect confidential information obtained from or disclosed by the respective parties in connection with this case, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), the Court orders as follows:

## I.   PURPOSES AND LIMITATIONS

1.   Disclosure and discovery activity in this action is likely to involve production of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protections outlined herein extend

- 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx                                   -1-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

only to the limited information or items that are entitled to treatment as confidential under applicable legal principles.

2. This Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed, and reflects the standards that will be applied, when a party seeks permission from the Court to file material under seal.

3. Documents and other information produced by the parties hereto in connection with this action shall be used solely for purposes of prosecuting, defending, or attempting to settle this action, whether such information is designated "Confidential Information" or not. The protections outlined in this Order, however, apply only to confidential information which has been appropriately designated as such.

## II.   NONDISCLOSURE OF CONFIDENTIAL INFORMATION

4. Except with the prior written consent of the party or non-party originally designating a document as "Confidential," or as hereinafter provided under this Protective Order, confidential information as defined herein may not be disclosed to any person.

## III.   DESIGNATING CONFIDENTIAL MATERIAL

5. Any party or non-party may designate as confidential (by stamping the relevant page "Confidential" or as otherwise set forth herein) any document or response to discovery which that party or non-party ("Disclosing Party") considers in good faith to contain information involving trade secrets or personal identifying or financial information subject to protection under California or federal law ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

STIPULATED PROTECTIVE ORDER REGARDING USE AND
DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS
- 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx               -2-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

6. A party or non-party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition. Additionally, a party may designate in writing, within 20 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in ¶¶ 11(a)-(f) below.

7. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A disclosing Party must take care to designate for protection only those parts of material, documents, items or oral or written communications that qualify, so that other portions of the material, documents, items or communications for which protection is not warranted are not swept within the ambit of this Order.

8. If it comes to a Disclosing Party's attention that information or items that it designated for protection do not qualify for protection, the Disclosing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

9. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the receiving party, on timely notification of the designation,

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx          -3-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## IV.  PERMISSIBLE DISCLOSURES

10.  Confidential Information that is designated as such in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and only to the extent necessary to litigate for this action:

a.  Counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this action;

b.  employees of such counsel;

c.  individual defendants, class representatives, or any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this action;

d.  consultants or expert witnesses retained for the prosecution or defense of this action, who execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information;

e.  the original authors or recipients of the Confidential Information;

f.  the Court, court personnel and court reporters;

g.  witnesses who may testify at deposition or at trial who execute a copy of the certification annexed to this Protective Order as Exhibit A before being shown or given any Confidential Information; and

h.  persons or entities that provided litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who execute a copy of the certification annexed to

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx                -4-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

this Protective Order as Exhibit A before being shown or given any Confidential Information.  Any certifications executed pursuant to this Paragraph shall not be discoverable except upon a showing of good cause.

## V.   RESOLVING DISPUTED CLASSIFICATIONS

11. Should a party wish to object to a Confidential designation of any material, that party shall make a written Designation Objection to the Disclosing Party, as set forth below:

a. Designation Objection: The objecting party shall identify with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to locate such materials) the disputed Confidential designation.  A Designation Objection will trigger an obligation on the part of the Disclosing Party to make a good faith determination of whether the disputed designation(s) is entitled to be treated as Confidential Information pursuant to the terms of this Protective Order.  Except in the case of a Designation Objection as to which a prompt reply would be impractical due to its volume, within ten (10) court days the Disclosing Party shall respond in writing to the Designation Objection either agreeing to remove the Confidential designation or the Disclosing Party's refusal to do so.

b. Court Determination: If the Disclosing Party refuses to agree to remove the Confidential designation pursuant to subsection (a) above, the Objecting Party may make a motion to the Court in conformance with Local Rules 37, et seq. (which govern discovery motions) objecting to the Confidentiality designation.

c. In any proceeding on such an application, the Disclosing Party will bear the burden of demonstrating that the Confidential designation qualifies as

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

Error! Reference source not found.\ Galvez - Proposed Stipulated Protective Order.docx                -5-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

Confidential Information.  No presumption or weight will attach to the Disclosing Party's initial designation.

      d.    Pending a ruling, the materials bearing the disputed designation shall continue to be treated as Confidential Information under the terms of this Protective Order.

      e.    With respect to Confidential designations that the parties agree do not constitute Confidential Information, or which the Court orders not to be treated as Confidential Information, within ten (10) days of such agreement or order, the Disclosing Party shall produce a new version with the Confidential Information legend redacted.

## VI. CONFIDENTIAL INFORMATION AT TRIAL

12.    The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  Any party may move the Court for an order that the Confidential Information be received *in camera* or under other conditions to prevent unnecessary disclosure.

## VII. SUBPOENA BY OTHER COURTS OR AGENCIES

13.    If at any time any Confidential Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall give written notice thereof to any person who has designated such information as Confidential Information within ten (10) days, or such lesser time as may be required by the subpoena.  After receipt of the notice specified under this paragraph, the person seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed.  If the person seeking to maintain confidentiality does not move for a protective order within the

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx    -6-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating person and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto.  The person to whom the subpoena is directed shall not produce any Confidential Information while a motion for a protective order brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.  The Disclosing Party shall indemnify all fees or costs incurred if a court orders compliance pending such a determination or imposes sanctions for failure to provide such information.

### VIII.   FILING DOCUMENTS UNDER SEAL

14. No Confidential Information shall be filed in the public record without the written permission of the Disclosing Party, or a court order.  The parties shall comply with Local Rule 79-5.1 in obtaining the order.  More specifically, a party that files with the Court materials designated as Confidential Information, and who seeks to have the record containing such information sealed, shall also submit to the Court a motion to seal pursuant to Local Rule 79-5.1.

15. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information by anyone other than itself and who does *not* seek to have the record containing such information sealed, shall at the time of filing or use of the Confidential Information, file a motion to seal pending the Court's determination of appropriateness of sealing and submit the confidential portions of the materials under seal pending a ruling from the Court on the motion

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx             -7-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

to seal.  The party that has designated the Confidential Information must meet its burden as set forth in Local Rule 79-5.1 for the records to remain under seal.

      16.    This Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this litigation, if said non-party requests in writing the protection of this Protective Order as to said non-party's Confidential Information, complies with the provisions of this Protective Order, and agrees in writing to be bound by the terms of this Protective Order.

### IX.   NON-TERMINATION

      17.    All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon the conclusion of the litigation, including any appeals, within sixty (60) days of receiving notice from the Disclosing Party, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence and deposition transcripts, shall either (a) return such documents to counsel for the party or non-party who provided such information, or (b) destroy such documents and certify in writing that the documents have been destroyed.

### X.   MODIFICATION PERMITTED

      18.    Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

/ / /

/ / /

/ / /

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx   -8-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

## XI. RESPONSIBILITY OF ATTORNEYS

19. The counsel for the parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to and distribution of copies of Confidential Information.

20. The counsel for the parties are responsible for administering and keeping the executed original copy of Exhibit A pursuant to ¶¶ 10(d), (g), and (h) above and any written requests/agreements of non-parties pursuant to ¶ 16.

## XII. NO WAIVER

21. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of the confidential documents and information sought.

IT IS SO ORDERED.

DATED this 15th day of July, 2009.

_____/s/_____

Honorable Jacqueline Chooljian

UNITED STATES MAGISTRATE JUDGE

---

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx         -9-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

**APPROVED AS TO FORM**

Dated: June 29, 2009              STOKES LAWRENCE, P.S.


                                  By:      /S/   Justo Gonzalez
                                  Scott A.W. Johnson (WSBA #15543)
                                  sawj@stokeslaw.com
                                  Justo Gonzalez (SBN 224903)
                                  jgg@stokeslaw.com
                                  800 Fifth Ave., Ste. 4000
                                  Seattle, WA 98014-1379
                                  Tel: (206) 626-6000
                                  Fax: (206) 464-1496

                                  FREEMAN FREEMAN & SMILEY
                                  Curtis A. Graham (SBN 89755)
                                  cag@ffslaw.com
                                  3415 S. Sepulveda Blvd., 12th Fl.
                                  Los Angeles, CA 90034
                                  Tel: (310) 255-6100
                                  Fax: (310) 255-6280

                                  Attorneys for Defendant Touch-Tel USA, LLC

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx                -10-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

**APPROVED AS TO FORM:**

Dated:  June 30, 2009	THE CONSUMER LAW GROUP


By:    S/Alan M. Mansfield
Alan M. Mansfield
alan@clgca.com
9466 Black Mountain Rd., Suite 225
San Diego, CA 92126
Tel: (619) 308-5034
Fax: (888) 341-5048

WHATLEY DRAKE & KALLAS, LLC
Edith M. Kallas, Esq.
(Admitted *pro hac vice*)
ekallas@wdklaw.com
Ilze C. Thielmann, Esq.
(Admitted *pro hac vice*)
 ithielmann@wdklaw.com
1540 Broadway, 37th Floor
New York, NY 10036

Amy Weaver
aweaver@wdklaw.com
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Tel: (205) 328-9576
Fax: (205) 328-9669

WOOD LAW FIRM, LLC
E. Kirk Wood (Admitted *pro hac vice*)
ekirkwood1@cs.com
2900 1st Avenue South, Suite A
Birmingham, AL 35233
Tel: (205) 612-0243

LAW OFFICES OF ARCHIE LAMB, LLC
Archie Lamb, Jr. (Admitted *pro hac vice*)
alamb@archielamb.com
2017 Second Avenue North, 2nd Fl.
Birmingham, AL  36117

STIPULATED PROTECTIVE ORDER REGARDING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS - 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx                -11-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

1
2   LAW OFFICES OF GREG L. DAVIS
    Greg L. Davis (Admitted *pro hac vice*)
3   gldavis@knology.net
    6987 Halcyon Park Drive
4   Montgomery, AL  36117

5
    Howard Rubenstein (Admitted *pro hac vice*)
6   Attorney at Law
    howardr@pdq.net
7   914 Waters Avenue, Suite 20
    Aspen, Colorado 81611
8

9   LAW OFFICES OF THOMAS D. MAURIELLO
10  Thomas D. Mauriello
    Tomm@maurlaw.com
11  209 Avenida Fabricante
    San Clemente, CA 92672
12  Tel: (949) 542-3555
    Fax: (949) 606-9690
13

14  Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER REGARDING USE AND
DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS
- 2:08-CV-05642 RGK

**Error! Reference source not found.**\ Galvez - Proposed Stipulated Protective Order.docx         -12-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[print or type full name]**, of _____ **[print or type full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Galvez, et al. v. Touch-Tel U.S.A., L.P. dba Touch-Tel USA, LLC*, Case No. CV 08-05642-RGK (JCx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

By: _____

STIPULATED PROTECTIVE ORDER REGARDING USE AND
DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS
- 2:08-CV-05642 RGK
**Error! Reference source not found.**\ Galvez - Proposed Stipulated
Protective Order.docx                       -13-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000
Case No. CV08-05642-RGK (JCx)