UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 08-CV-5642-RGK (JCx) | Date | October 9, 2013 |
|---|---|---|---|
| Title | *GALVEZ, et al. v. TOUCH-TEL U.S.A.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Plaintiffs' Application for Payment of Fees and Costs and Appointment of *Cy Pres* Recipients (DE 272)**

## I.   INTRODUCTION

On August 27, 2008 Crescencio Galvez, Carmen Acuna, and Guadalupe Galvez ("Plaintiffs") filed a class action complaint against Touch-Tel U.S.A. ("Defendant") for violations of California Business & Professions Code §§ 17200, 17500, and 17538.9, breach of contract, and unjust enrichment. Plaintiffs' Complaint alleged Defendant engaged in deceptive and unfair production, marketing, distribution, and sale of prepaid telephone calling cards.

The parties reached a class action settlement, and the Court granted preliminary approval and directed dissemination of class notice. After the class received notice and an opportunity to opt out, the Court held a fairness hearing and ultimately granted final approval. In the Order granting final approval, the Court directed Plaintiffs to file a separate motion for attorneys' fees and costs.

That Motion, Plaintiffs' Application for Payment of Fees and Costs and Appointment of *Cy Pres* Recipients, is presently before the Court. Plaintiffs request $120,000 for attorneys' fees and costs, and that Consejo de Latinos Unidos and Inner City Law Center be approved as *cy pres* recipients.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Application for Attorneys' Fees and Costs and approves Plaintiffs' proposed *cy pres* recipients.

## II.   FACTUAL BACKGROUND

Plaintiffs are Los Angeles residents who purchased Touch-Tel U.S.A. prepaid calling cards during the summer of 2007. Plaintiffs allege Defendant advertised that its $5.00 cards provided 142 minutes of call time between Los Angeles and Mexico. The actual call time, however, was much less, ranging from approximately 85 to 100 minutes.

Plaintiffs further allege that card purchasers received fewer minutes than Defendant advertised because Defendant deducted connection fees and other charges from the card balance. For example, dialing the "toll free" access number required to use the card resulted in a charge. Calls made from wireless telephones also resulted in higher fees than Defendant advertised. Plaintiffs claim Defendant failed to adequately inform consumers of these practices and, as a result, Plaintiffs and the class members suffered harm.

### III.  JUDICIAL STANDARD

In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). An attorneys' fees provision, like any other provision included in a proposed class action settlement agreement, is subject to the Court's determination of whether it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). When settlement negotiations occur before class certification, a "higher standard of fairness" is required. *Shaffer v. Cont'l Cas. Co.*, 362 F. App'x. 627, 629 (9th Cir. 2010).

The "lodestar method" is appropriate to determine the reasonableness of attorneys' fees sought in class actions brought under fee-shifting statutes. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and experience of the lawyer." *Id*. A fee request for less than the lodestar is presumptively reasonable, but the court may adjust it upward or downward by using a multiplier, based on "reasonableness" factors. *Id.* These may include "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* at 941-42.

### IV.  DISCUSSION

#### A.  Attorneys' Fees and Costs

Under Federal Rule of Civil Procedure 23(h), the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). When possible, parties should negotiate attorneys' fees as part of their settlement terms. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, "[i]n a class action . . . [t]he absence of individual clients controlling the litigation for their own benefit creates opportunities for collusive arrangements in which defendants can pay the attorneys for the plaintiff class enough money to induce them to settle the class action for too little benefit to the class." *Staton v. Boeing Co*., 327 F.3d 938, 964 (9th Cir. 2003) (citing *Zucker v. Occidental Petroleum Corp*., 192 F.3d 1323, 1327 (9th Cir. 1999). Therefore, the Court is obligated to ensure the amount is reasonable to avoid conflicts of interest. *Id*. at 965.

Since this case was brought under fee-shifting statues, the lodestar method is appropriate to determine the reasonableness of attorneys' fees. *In re Bluetooth*, 654 F.3d at 941 (9th Cir. 2011). Plaintiffs provided a chart listing fifteen attorneys and twelve paralegals, the amount of hours each individual worked on the case, and his or her hourly rate. The listed rates are in line with those customarily charged in this district by attorneys with comparable experience in complex litigation. (Declaration of E. Kirk Wood, ¶ 4.) As calculated by Plaintiffs' chart, the total lodestar is $1,156,945.00. Therefore, Plaintiffs' request for fees is substantially less than the lodestar. In fact, it would result in a negative multiplier of almost 90 percent.

Plaintiffs state litigation expenses in this case totaled $26,309.04. This amount consists of the filing fees, cost of deposition transcripts, expert witness fees, photocopying expenses, postage, overnight delivery service, and travel expenses incurred solely in pursuit of this litigation since 2008, when the

case was filed.

Furthermore, the parties negotiated the attorneys' fees and costs provision with the assistance of an experienced mediator appointed by the Ninth Circuit, Mr. Liacouras, and reached their result after agreeing on the substantive terms of the class settlement. Notice to the class set forth the proposed amount of $120,000 for attorneys' fees and costs, and no class member objected to that provision. (Plaintiffs' Motion, 3:8.)

In light of the above, the Court finds $120,000 to be a reasonable amount, and **GRANTS** Plaintiffs' Application for Payment of Attorneys' Fees and Costs.

### B.      *Cy Pres* Recipients

Most class action settlements result in some unclaimed funds, and there are three alternatives for disbursing them: (1) *cy pres* or fluid recovery, (2) escheat to the government, and (3) reversion to defendants. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). *Cy pres* allows for the "distribution of unclaimed funds to indirectly benefit the entire class." *Id.* at 1305. "A *cy pres* award must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, and must not benefit a group too remote from the plaintiff class." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (internal quotations and citations omitted).

Here, the parties have agreed to appoint *cy pres* recipients in the event claims against the settlement approved by the Court do not reach the provided floor amount. Plaintiffs request, and Defendant does not oppose, that the Court approve Consejo de Latinos Unidos and Inner City Law Center as the *cy pres* recipients.

Both are non-profit organizations that focus their efforts on the Latino community, whose members are the primary users of Defendant's pre-paid calling cards. Additionally, the Court finds they are organizations whose missions are aligned with the underlying litigation.

Therefore, the Court **GRANTS** Plaintiffs' Application to Appoint Consejo de Latinos Unidos and Inner City Law Center as *cy pres* recipients.

### V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Application for Payment of $120,000 for Attorneys' Fees and Costs. The Court also appoints Consejo de Latinos Unidos and Inner City Law Center as *cy pres* recipients.

**IT IS SO ORDERED.**

   :   

**Initials of Preparer**