## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 08-05642-RGK (JC)** | Date | November 19, 2013 |
|----------|--------------------------|------|-------------------|
| Title | ***Crescenscio Galvez, et al. v. Touch-Tel U.S.A., L.P.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|------------------------|----------------------------------------|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Defendant's Motion to Enjoin State Proceedings (DE 277)**

## I.    INTRODUCTION

Plaintiffs Crescencio Galvez, Carmen Acuna, and Guadalupe Galvez ("Plaintiffs") filed a Class Action Complaint against Touch-Tel U.S.A., L.P. ("Defendant"). The Complaint alleges breach of contract, unjust enrichment, and violations of the California Business and Professions Code in connection with Defendant's advertising and sale of pre-paid telephone cards. On July 24, 2012, Cecilia Ibanez and Jose Baltazar Mitjavila Ochoa ("State Court Plaintiffs") brought a putative class action ("*Ochoa*") in Los Angeles Superior Court alleging substantially similar claims as the action pending in this Court. On September 5, 2013, the Court approved a final Class Action Settlement and Notice Program in *Galvez*. On October 11, 2013, Defendant filed this Motion to Enjoin State Court Proceedings. Defendant asks the Court to order the State Court Plaintiffs to show cause why *Ochoa* should not be enjoined.

For the reasons that follow, the Court **DENIES** Defendant's Motion.

## II.    FACTUAL BACKGROUND

Plaintiffs' Complaint alleges that Defendant engaged in a "systematic scheme to deceive consumers who purchase and use pre-paid calling cards." Plaintiffs alleged that Defendant misrepresented the number of minutes on the cards; concealed when connection fees applied; employed misleading marketing techniques; unfairly prevented customers from using the balance remaining on calling cards when the balance was less than the connection fee; and failed to adequately disclose that Defendant charged more for calls involving wireless phones.

On September 5, 2013, the Court approved a final Class Action Settlement. The Class Settlement Agreement (the "Settlement Agreement") provides that

> The Court shall retain continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members and Released Parties, over the administration and enforcement of the Settlement and this Agreement, and over the distribution of benefits to the Settlement Class. The Court also shall retain continuing and exclusive jurisdiction in connection with the injunction provisions set forth in Sections 6(g) above.[1] Any disputes or controversies arising with respect to the interpretation, enforcement or implementation of the settlement or this Agreement must be submitted by formal and proper motion to the Court.

The Settlement Agreement specifically defines the "Settlement Class" as "all Persons residing in California and all other states where Touch-Tel sold pre-paid calling cards and who, since August 27, 2004 through the date of the entry of the Order of Preliminary Approval, purchased other than for purposes of re-sale or distribution, pre-paid calling cards where Touch-Tel was the service provider." The Court entered the Order of Preliminary Approval on May 20, 2013. The "Class Period," as defined by the Settlement Agreement, is therefore August 27, 2004 through May 20, 2013.

On July 24, 2012, State Court Plaintiffs filed a putative class action in Los Angeles Superior Court ("*Ochoa*"). The *Ochoa* Complaint makes substantially similar allegations as the *Galvez* action. One of the original State Court Plaintiffs, Ochoa, opted out of the *Galvez* class. The other, Ibanez, did not opt out of *Galvez*, and is no longer a class representative in *Ochoa*. The State Court Plaintiffs do not seek to represent anyone who purchased Touch-Tel calling cards on or before May 20, 2013, the final date of the Class Period.

Defendant brought this Motion to Enjoin the *Ochoa* proceedings on October 11, 2013.

## III.    **JUDICIAL STANDARD**

The Anti-Injunction Act circumscribes Federal Courts' authority to enjoin state court proceedings. 28 U.S.C. § 2283. The Act provides that "[a] court of the United States may not grant an injunction to stay a proceeding in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.*  There are therefore only three "narrow" circumstances in which a Federal Court may stay state court proceedings. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

## IV.    **DISCUSSION**

Defendant asks the Court to stay the *Ochoa* proceedings. The Defendant argues that either the second or third exception to the Anti-Injunction Act, the "jurisdictional exception" and the "relitigation exception" respectively, authorize such an injunction. For the reasons that follow, the Court disagrees.

---

[1]Section 6(g): "Touch-Tel shall comply with all disclosure laws applicable to its pre-paid calling cards. [...] This injunctive relief shall be in place for period of five years from the Settlement Effective Date."

### A.    The Jurisdictional Exception Does Not Apply

The Anti-Injunction Act provides that a Federal Court may grant an injunction to stay a proceeding in state court "where necessary in aid of its jurisdiction." 28 U.S.C. § 2283. Defendant asserts that the Settlement Agreement vests this Court with "continuing and exclusive jurisdiction" over Defendant's compliance with "all disclosure laws applicable to its pre-paid calling cards" for five years. Defendant misconstrues the clear language of the Settlement Agreement. Under Defendant's highly implausible reading, this Court would have exclusive jurisdiction over any dispute related to Defendant's calling cards' compliance with disclosure laws–even disputes arising after the Class Period. What Defendant fails to note is that the Settlement Agreement specifically limits this Court's "continuing and exclusive jurisdiction" to "the Parties, including all Settlement Class Members and Released Parties, over the administration and enforcement of the Settlement and this Agreement, and over the distribution of benefits to the Settlement Class." The reference to a "period of five years" unambiguously relates to this Court's supervision of the Settlement Agreement's injunctive relief, which mandates Touch-Tel's compliance with all disclosure laws applicable to its pre-paid calling cards.

When read against the clear language of the Settlement Agreement, Defendant's argument is essentially that this Court's jurisdiction to supervise Defendant's compliance with disclosure laws should bar a state court from hearing any claims related to those laws. This argument has no merit. To the extent the State Court Plaintiffs seek injunctive relief in *Ochoa*, the Superior Court is perfectly capable of considering the scope of the existing injunction in *Galvez*. For this reason, an injunction is not "necessary" under the strict terms of the Anti-Injunction Act.

### B.    The Relitigation Exception Does Not Apply

The Anti-Injunction Act provides that a Federal Court may grant an injunction to stay a proceeding in state court "to protect or effectuate its judgments." 28 U.S.C. § 2283. The relitigation exception "is founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo*, 486 U.S. at 147. The Defendant, again misreading the Settlement Agreement, argues that the State Court Plaintiffs are seeking to relitigate issues presented and decided in *Galvez*. Defendant makes the patently false assertion that "[t]he *Galvez* Settlement resolves *all* claims relating to Touch-Tel's marketing, advertising and compliance with California consumer protection laws ..." Defendant's assertion conflicts with the plain language of the Settlement Agreement. The Settlement Agreement only purports to bind the parties, including the "Settlement Class." The Settlement Class is limited in scope, and includes only those "who, since August 27, 2004 through the date of the entry of the Order of Preliminary Approval, purchased other than for purposes of re-sale or distribution, pre-paid calling cards where Touch-Tel was the service provider." For this reason, the *Galvez* Settlement does not resolve "*all* claims" as Defendant asserts. Critically, *Galvez* does not purport to resolve the very claims the State Court Plaintiffs brought in *Ochoa*. The putative class in *Ochoa* is limited to those who purchased calling cards after the *Galvez* class period. For this reason, the Court has no authority to enjoin *Ochoa* under the relitigation exception to the Anti-Injunction Act.

Moreover, even if the Anti-Injunction Act authorized this Court to enjoin *Ochoa*, the Court would decline to do so. The Court is not persuaded that an injunction is necessary in this case. Defendant is free to raise its arguments about the preclusive effect of *Galvez* in the *Ochoa* court.

**V.**     <u>**CONCLUSION**</u>

For the above reasons, the Court **DENIES** Defendant's Motion to Enjoin State Court Proceedings.

<u>**IT IS SO ORDERED.**</u>

_____ : _____

<u>**Initials**</u> <u>**of**</u> <u>**Preparer**</u>         _____